IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULA DEL VALLE, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EMPIRE HOME HEALTH CARE, INC.<br><br>Defendant. | CIVIL ACTION NO. 20-4335 |

### ORDER

**AND NOW**, this 3rd day of August 2021, upon consideration of Plaintiff's "Unopposed Motion for Preliminary Approval of the Class Action Settlement and Other Related Relief" [Doc. No. 34], and the attachments thereto, including the proposed Class Action Settlement Agreement and proposed Notice of Settlement Form, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**, and the settlement of this action is **PRELIMINARILY APPROVED** because it appears that, at the final approval stage, the Court will likely be able to approve the settlement under the criteria described in Federal Rule of Civil Procedure 23(e)(2) and certify the settlement class under Rule 23(a) and (b)(3).[1]

---

[1] This case alleges a failure to pay overtime compensation and asserts a collective action for claims under the Federal Fair Labor Standards Act ("FLSA") and a Rule 23 class action for claims under the Pennsylvania Minimum Wage Act ("PMWA"). After discussions with Magistrate Judge Carol Sandra Moore Wells and discovery that included the relevant payroll records, the parties have reached an agreement to settle both claims. A collective action under 29 U.S.C. § 216 differs from a class action under Rule 23. Under the FLSA, "[w]hen parties present to the district court a proposed settlement, the district court may enter a stipulated judgment if it determines that the compromise reached is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. . . ." *Kraus v. PA Fit II*, LLC, 155 F. Supp. 3d 516, 523 (E.D. Pa. 2016) (internal quotation marks and citation omitted). Settlement of a Rule 23 class action requires both preliminary approval and final approval. At this time, Plaintiffs only seek preliminary certification of the class and approval of the PMWA class action, and will request judgment on the FLSA collective action together with final approval of the PMWA class action at the hearing scheduled in this Order.

Pursuant to Rule 23, the Court preliminarily approves the PMWA class action, and reserves the final certification decision until the final hearing, after notice has been sent to putative Class Members. *See Flores v. Eagle Diner Corp.*, No. 18-1206, 2019 WL 3943355, at * 3 (E.D. Pa. Aug. 21, 2019). Preliminarily, Plaintiffs have met the requirements of Rule 23 as they have shown that the class is sufficiently numerous (there are 114 employees identified, and more than 40 members is usually considered sufficiently numerous); there are common issues of law and fact in that these employees were paid at the straight-time rate instead of the applicable overtime rate for hours worked exceeding 40 per week; that all claims are typical as they arise from the same alleged conduct by Defendant; that the class representative is adequate, and that class counsel is experienced in this type of litigation. *See id.* (citing Rule 23(a)). In addition, the class has been fully ascertained and common issues predominate over any differences. The putative Class Members will be sent a personalized notice that includes the anticipated amount that they will receive based on the analysis of

2. The Notice Form attached to the Settlement Agreement as Exhibit B and the notice protocols described in paragraph 6 of the Settlement Agreement are approved pursuant to Rule 23(c)(2)(B). The Notice Forms shall be sent to all class members listed in Exhibit A to the Settlement Agreement.

3. Individuals who wish to exclude themselves from the settlement must follow the procedures described in paragraph 7 of the Settlement Agreement and Section 7 of the Notice Form.

4. Individuals who wish to object to the settlement must follow the procedures described in paragraph 8 of the Settlement Agreement and Section 8 of the Notice Form.

5. Winebrake & Santillo, LLC is appointed interim class counsel pursuant to Rule 23(g)(3) and shall ensure that the notice process contemplated by the Settlement Agreement is followed.

6. A hearing on final approval of the settlement will be held on **November 8, 2021** at **10:30 a.m.** in **Courtroom 12-A** of the United States Courthouse, 601 Market Street, Philadelphia, PA 19106. During this hearing, the Court will hear from any objectors or other class members who wish to address the Court and will hear argument from class counsel regarding, *inter alia*, the following issues: whether the settlement of the Pennsylvania Minimum Wage Act claim warrants final approval under Rule 23(e)(2); whether the settlement of the Fair Labor Standards Act claim warrants approval under 29 U.S.C. § 216(b); whether the service award described in footnote 1 of

---

payroll records performed by counsel, and thus will be in a position to evaluate their options (which are also explained in the notice). Therefore, the class-wide settlement provides a superior form of adjudication than individual actions, which likely would cost more and take longer to achieve the same result. *See* Fed. R. Civ. P. 23(b).

The Court also preliminarily approves the proposed Settlement Agreement, as it appears to be the product of good faith and extensive arm's length negotiations after sufficient discovery under the circumstances. *Flores*, 2019 WL 3943355, at *8. The proposed settlement provides for a maximum payment by Defendant of $300,000 plus any applicable payroll taxes or withholdings ordinarily borne by employers. Of this amount, Class Counsel will request the approval of $75,000 in attorney's fees and expenses and a $5,000 service award to the named Plaintiff. The Court will decide the reasonableness of these amounts at the final hearing, but they are not clearly excessive or unreasonable. The total estimated amount of unpaid overtime at issue is $403,203.35, and according to the memorandum of law in support of the motion, the ability of Defendant to pay the full amount is uncertain. In addition, further proceedings would delay payment to Class Members and increase fees and expenses. Thus preliminary approval is granted.

the Settlement Agreement should be approved; and whether the attorney's fees and costs sought by class counsel should be approved under Rule 23(h).

7.  Seven calendar days before the final approval hearing, class counsel shall file all papers in support of the final approval of the settlement and the associated issues described in paragraph 6 above.

It is so **ORDERED**.

                                          **BY THE COURT:**

                                          /s/ Cynthia M. Rufe

                                          _____
                                          **CYNTHIA M. RUFE, J.**