IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULA DEL VALLE, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EMPIRE HOME HEALTH CARE, INC.<br><br>Defendant. | CIVIL ACTION NO. 20-4335 |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION
FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL
OF THE CLASS ACTION SETTLEMENT, AND OTHER ASSOCIATED RELIEF**

**AND NOW**, this 8th day of November 2021, upon consideration of Plaintiff Paula Del Valle's "Unopposed Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Other Associated Relief" ("Motion") [Doc. No. 38], which attached as exhibits the "Class Action Settlement Agreement" ("Agreement") between Plaintiff and Defendant Empire Home Health Care Inc., and the Declaration of R. Andrew Santillo, and upon consideration of all other papers and proceedings in this case, including the Court's previous orders granting preliminary approval of the settlement and the notice [Doc. Nos. 35 & 37], and based on the findings made and for the reasons stated at a hearing held today in open court, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1. The Court **CERTIFIES A SETTLEMENT CLASS** of the 114 individuals listed in Exhibit A to the Agreement, each of whom was employed by Defendant as an hourly home health aide after September 3, 2017. This settlement class satisfies Federal Rule of Civil Procedure 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Rule 23(b)(3)'s additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

2. The settlement requires Defendant to pay $300,000 plus any payroll taxes/withholdings ordinarily borne by employers. The settlement fund will be distributed as follows: (i) $220,000 will be paid to the 114 Class Members; (ii) a $5,000 service award will be paid to Plaintiff; and (iii) $75,000 will be paid to class counsel to cover attorney's fees and expenses. The Court finds the settlement fund to be "fair, reasonable, and adequate" under Rule 23(e)(2), and, therefore **APPROVES** the settlement. This finding is supported by the evidence and arguments presented by Plaintiff in her Motion and accompanying documents and during the November 8, 2021 fairness hearing. In particular, the record establishes that all of the criteria described in Rule 23(e)(2) favor approval.

3. The Court **APPROVES** the Class Members' waiver of their Fair Labor Standards Act ("FLSA") claim. The class action settlement of the Pennsylvania Minimum Wage Act claims set forth in paragraph 2 above grants the Class Members a fair and reasonable settlement of all of their claims, the waiver of the claims constitutes a fair and reasonable settlement of a bona fide dispute, the fees and service award as set forth below are reasonable, the settlement is public, the release, which the Court explicitly notes is limited to wage claims that arose before the date of this Order, is reasonable in scope, and the waiver does not frustrate the purpose of the FLSA. *See generally Devine v. Northeast Treatment Centers, Inc.*, No. 20-2417, 2021 WL 4803819 (E.D. Pa. Oct. 14. 2021).

4. The Court **APPROVES** the payment of a $5,000 service award to the named Plaintiff, Paula Del Valle.

5. The Court **APPOINTS** the law firm of Winebrake & Santillo, LLC to serve as class counsel. The record establishes that this firms is qualified to serve as class counsel under the criteria described in Civil Rule 23(g)(1)(A).

6. The Court **APPROVES** the payment of $75,000 to class counsel. As evidenced by

the Declaration of R. Andrew Santillo, $1,775.82 of this amount will reimburse class counsel for reasonable litigation expenses incurred to date. The remaining $73,224.18 will be paid to class counsel for attorney's fees and any additional expenses it incurs going forward administering the settlement. This fee payment – which amounts to 24.4% of the total $300,000 settlement fund – is on the low end of the percentage of fees that have been approved in similar cases, and is reasonable. *See Mabry v. Hildebrandt*, No. 14-5525, 2015 WL 5025810, at * 3 (E.D. Pa. Aug. 24, 2015) (collecting cases and finding that the fee percentage in wage payment cases ranges from 20-45%). The reasonableness of the requested $73,224.18 fee is further confirmed by the fact that the fee is only slightly higher than class counsel's fee lodestar using the rates established in the Philadelphia Community Legal Services fee schedule.

7. This action is **DISMISSED WITH PREJUDICE**, although the Court will continue to maintain jurisdiction over the enforcement of the settlement. The Clerk is directed to **CLOSE** the case.

It is so **ORDERED.**

                              **BY THE COURT:**

                              /s/ **Cynthia M. Rufe**

                              _____
                              **CYNTHIA M. RUFE, J.**